

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 24, 1976

The Honorable William A. Webb
Acting Commissioner
Coordinating Board
Texas College and University
    System
P. O. Box 12788, Capitol Station
Austin, Texas   78711

Opinion No. H-786

Re: Constitutionality
of severance pay for
terminated professors.

Dear Commissioner Webb:

You have asked our opinion on the constitutionality of
a portion of the Coordinating Board's Policy Paper 1 (Academic
Freedom, Tenure and Responsibility). The specific portion
of the Policy Paper in question is paragraph (3), section
IV, Faculty Dismissals, which provides:

> If the faculty appointment is to be
> terminated, the faculty member, except
> in cases of moral turpitude, will receive
> his salary at least for one year or for
> the period to which he is entitled under
> these regulations. He will be continued
> in his duties for that period unless at
> the discretion of the institution he be
> granted a leave of absence with pay.

You indicate that some institutional administrators
contend that this provision conflicts with article 3, sections
51, 52 and 53 of the Texas Constitution. These sections
provide in part:

Sec. 51.  The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever. . . .

. . .

Sec. 52.  (a)  Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company.

. . .

Sec. 53.  The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law.

Another section of the Constitution which raises similar questions is article 3, section 44, which provides:

Sec. 44.  The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, but shall not grant extra compensation to any officer,

agent, servant, or public contractors, after
such public service shall have been performed
or contract entered into, for the performance
of the same; nor grant, by appropriation or
otherwise, any amount of money out of the
Treasury of the State, to any individual, on
a claim, real or pretended, when the same shall
not have been provided for by pre-existing law;
nor employ any one in the name of the State,
unless authorized by pre-existing law.

Similar constitutional questions were raised in Attorney
General Opinion H-402 (1974), in which a county sought to
provide back pay for a county employee who was suspended but
later reinstated. We said:

If, then, a county commissioners
court has authority to hire employees, by
implication it has the authority to set
the terms of their employment. One such
term which may be possible is that if an
employee is indicted he will be suspended
with the understanding that he will be
reinstated with back pay if he is subse-
quently exonerated. A policy of this
kind would be a condition of employment
no different than the rate of compensation
or amount of vacation an employee is to
receive.

But in the situation you have described,
no such policy regarding indicted employees
was ever adopted by the commissioners
court. Instead, it is seeking to award
back pay after the indicted employee has
already been exonerated and reinstated.
In these circumstances it is our opinion
that a retroactive grant of back pay
would be unconstitutional.

In our opinion, a reasonable policy that a professor who is to be terminated receive substantial notice or, if he is to be terminated immediately, receive his salary for the period for which he would have otherwise received notice is constitutional so long as it is a term or condition of employment. Thus, if a college adopts this policy it may provide such severance pay for its employees who are terminated after the adoption of the policy.

## S U M M A R Y

A college may constitutionally provide that terminated professors will receive either substantial notice or severance pay.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb